**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **DAVID WAYNE JOHNSON**        ) | |
|     Plaintiff,        ) | |
| ) | |
| v.        ) | |
| ) | Civil Case No. **RWT 05-3078** |
| ) | |
| **OLDCASTLE PRECAST, INC., et al**        ) | |
|     Defendants.        ) | |

**MEMORANDUM OPINION**

Plaintiff, then an inmate at the Montgomery County Correctional Facility, had a rude awakening on October 7, 2003.¹ He alleges that the bunk bed defendants installed in his cell became detached from the wall, causing him to plummet to the floor and sustain severe injuries.² Defendants argue that Plaintiff's Complaint should now be put into a permanent slumber because he has been sleeping on his rights. Specifically, they contend that Plaintiff's claim is time-barred because the statute of limitations on Plaintiff's action expired before Plaintiff moved the Court to lift its stay in this case. For the reasons that follow, Defendant's Motion to Dismiss will be denied by a separate order.

**I. PROCEDURAL HISTORY**

Plaintiff first brought this case in Montgomery County Circuit Court on October 7, 2003. Plaintiff's case was plagued with procedural problems from the very beginning. On May 7,

---

¹Plaintiff's Complaint incorrectly refers to the facility located at 22880 Whelan Lane in Boyds, Maryland, as the "Seneca Creeks" Correctional Facility. Compl. ¶ 13. However, the correct name for the facility is the Montgomery County Correctional Facility. *See* Montgomery County Department of Correction & Rehabilitation, http://www.montgomerycountymd.gov/mcgtmpl.asp?url=/content/docr/index.asp (last visited Nov. 8, 2007).

²At the time of his fall from the bed, the Montgomery County Correctional Facility was only seven months old. *See* Montgomery County Department of Correction & Rehabilitation, Correction and Rehabilitation, *availible at* http://www.montgomerycountymd.gov/content/omb/fy05/psprec/40-1.pdf

2004, Plaintiff's first Complaint was dismissed for failure of service. *Oldcastle Precast, Inc. v. Johnson*, No. 2103, slip op. at 1 (Md. Ct. Spec. App. Sept 2005). On February 9, 2005, Plaintiff refiled his case, but it was dismissed on October 13, 2005 as a sanction for discovery violations. *Id.* at 3. Both dismissals were without prejudice.

Plaintiff filed his Complaint in this Court on November 14, 2005, well within the three year statute of limitations. Meanwhile, Defendants appealed the Montgomery County Circuit Court's decision to dismiss Plaintiff's second case without prejudice, arguing that the dismissal should have been with prejudice. Defendants also filed a motion in this Court seeking a stay of proceedings pending the outcome of Defendants' appeal. The Court granted Defendants' Motion, stayed the case, and "administratively closed" the proceedings.

Defendants subsequently lost their appeal in the Maryland Court of Special Appeals. When the state court proceedings ended, Plaintiff promptly filed a motion to reopen the proceedings in this Court, which was granted on July 24, 2007. Defendants then filed the Motion to Dismiss that is now before the Court. The only issue raised by Defendant's Motion is whether Plaintiff's claim is time-barred because this Court administratively closed the case and the stay on Plaintiff's case was not lifted before the statute of limitations had expired.

## II. ANALYSIS

Plaintiff's claim is not time-barred because it was never dismissed by this Court. Neither a stay nor an administrative closure has the effect of dismissing an action.

### A. Effect of the Stay

A stay is simply a pause in a case. Although a dismissed case must be re-filed within the time mandated by the statute of limitations, a stayed case may be reopened even after the applicable statute of limitations has run. *See, e.g.*, *Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2nd

Cir. 1996) (noting that [t]he statute of limitations is not a concern where the deferring court has issued a stay . . . [b]ut where the action has been dismissed without prejudice, a plaintiff's subsequent court filing is vulnerable to a time-bar"); *Heck v. Humphrey*, 997 F.2d 355, 357 (7th Cir. 1993) (noting that if a defendant's action were dismissed, instead of stayed, then the statute of limitations would bar plaintiff from refiling his claim); *Young v. Kenny*, 907 F.2d 874, 878 (9th Cir. 1990) (same); *see also Jewell v. County of Nassau*, 917 F.2d 738, 740-41 (2d Cir. 1990) (per curiam) (distinguishing between a stay and a dismissal); *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1562 (7th Cir. 1989) (distinguishing between a stay and a dismissal).

**B. Effect of the Administrative Closure**

In 1990, Congress enacted the Civil Justice Reform Act (CJRA), legislation that was designed to expedite the resolution of civil litigation in the federal courts. The CJRA imposes statistical record keeping requirements on federal courts. 28 U.S.C. §§ 471-82. As the Fourth Circuit has observed, "[t]rial courts are under constant pressure to dispose of the business of the court . . . and are criticized when they take too much time in disposing of cases." *Choice Hotels Int'l, Inc. v. Goodwin and Boone*, 11 F.3d 469, 475 (4th Cir. 1993). Therefore, to avoid skewed statistics and the appearance of undue delays, federal courts often administratively close cases when circumstances require that they be stayed.

An administrative closure is not a dismissal, and is done for purely administrative and record keeping purposes. It does not terminate an action. *See*, *e.g.*, *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 715 (5th Cir. 2002) (noting that an administrative closure "remove[s] the case from [a court's] active files without making any final adjudication . . . [and] reflects nothing more than the federal courts' overarching concern with tidy dockets"); *Corien Corp. v. Chen*, 964 F.2d 55, 56-57 (1st Cir. 1992) (administrative closure not equivalent to a final judgment of

dismissal); *Rapture Shipping Ltd. v. Allround Fuel Trading B.V. Chemoil,* No. 06-5296, 2006 WL 2474869, *1 (S.D.N.Y. Aug. 6, 2006) (administrative closure "was not a substantive dissmissal" and was done "for statistical purposes").

Accordingly, this Court's administrative closure of the case when it was stayed is of no legal consequence whatsoever, and certainly did not amount to a dismissal that would allow the limitations clock to resume ticking. The Plaintiff did not sleep on his rights. Indeed, his temporary coma was induced at the behest of the Defendants, and they cannot now be heard to complain when, having dodged the bullet of their unsuccessful appeal to the Court of Special Appeals, the Plaintiff emerges from his coma and seeks to continue forward from where he was left off on his way to adjudication of his claims.

### III.   CONCLUSION

Courts are always mindful of the adage that "justice delayed is justice denied" (*In re PSLJ, Inc.,* 904 F.2d 701, 1990 WL 76571, *1 (4th Cir. 1990) (table decision)), and this Court is sympathetic to Defendant's frustration with the delays in this case. However, it is not yet time to put this case to bed. Because neither the stay nor the administrative closure of this case had the effect of terminating Plaintiff's action, Defendant's Motion to Dismiss must be denied.

 

**DATE: 11/9/07**                                                                    /s/  
                                                                                         **ROGER W. TITUS**  
                                                                                **UNITED STATES DISTRICT JUDGE**